727 A.2d 456

IN THE MATTER OF STEVEN M. OLITSKY,
AN ATTORNEY AT LAW.

April 8, 1999.

## ORDER

The Disciplinary Review Board on January 27, 1999, having filed with the Court its decision concluding that **STEVEN M. OLITSKY** of **IRVINGTON,** who was admitted to the bar of this State in 1976, and who was suspended from the practice of law for a period of three months effective May 16, 1997, and thereafter suspended for an additional three-month period effective August 16, 1997, and who remains suspended at this time, should be suspended from the practice of law for a further period of six months for violating *RPC* 1.1(a) and (b) (gross neglect and pattern of neglect), *RPC* 1.4(a) (failure to communicate), *RPC* 1.5(b) (failure to reduce basis of fee to writing), *RPC* 1.16(a) (continuing to represent client following termination), and *RPC* 1.16(d) (failure to surrender client property on termination of representation);

And the Disciplinary Review Board having further concluded that on reinstatement to practice, respondent should be required to practice law under supervision for a period of three years;

And the Court having ordered on October 15, 1997, that respondent not be reinstated to practice until the conclusion of all ethics matters then pending against him;

And good cause appearing;

It is ORDERED that **STEVEN M. OLITSKY** is suspended from the practice of law for a period of six months, and until further Order of the Court, retroactive to November 16, 1997; and it is further

ORDERED that no application for reinstatement be submitted until all ethics matters pending against respondent on October 15, 1997, are concluded; and it is further

ORDERED that prior to any application for reinstatement, respondent shall submit proof of his psychiatric fitness to practice; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of three years and until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.